# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | * | |
| BRIAN CHARLES JENSEN, | * | |
| | * | No. 13-310V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: April 4, 2014 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees and costs; award |
| AND HUMAN SERVICES, | * | in the amount to which |
| | * | respondent does not object. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | * | |

<u>Sol P. Ajalat</u>, Ajalat & Ajalat, LLP, North Hollywood, CA, for Petitioner;
<u>Claudia B. Gangi</u>, U.S. Department of Justice, Washington, DC, for Respondent.

## **UNPUBLISHED DECISION**[1]

On April 1, 2014, the parties filed a stipulation of fact concerning final attorney's fees and costs in the above-captioned matter. Previously, petitioner informally submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended his application to request a total of $33,267.77, an amount to which respondent does not object. The Court awards this amount.

On May 2, 2013, Brian Charles Jensen filed a petition for compensation alleging that the Tetanus, Diphtheria, acellular-Pertussis ("Tdap") vaccine he received on May 17, 2012, caused his alleged Demyelinating Sensorimotor Polyneuropathy. Petitioner received compensation based upon the parties'

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

stipulation.  <u>Decision</u>, filed March 14, 2014.  Because petitioner received compensation, he is entitled to an award of attorneys' fees and costs.  42 U.S.C. § 300aa-15(e).

Petitioner seeks a total of **$30,780.00** in attorneys' fees and costs for his counsel.  Additionally, in compliance with General Order No. 9, petitioner states that he incurred **$2,487.77** in out-of-pocket litigation expenses while pursuing this claim.  Respondent has no objection to the amount requested for attorneys' fees and costs, or petitioner's out-of-pocket costs.

After reviewing the request, the Court awards the following:

1. **A lump sum of $30,780.00 in the form of a check made payable to petitioner and petitioner's attorney, Sol P. Ajalat of the law firm of Ajalat & Ajalat, LLP, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

2. **A lump sum of $2,487.77 in the form of a check made payable to petitioner, Brian Jensen for all costs borne by petitioner payable under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.[2]

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

                                  s/Christian J. Moran
                                  Christian J. Moran
                                  Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.